# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8581 | **DATE** | 3/6/2013 |
| **CASE TITLE** | Gorgoni vs. Coldwell Banker Home Loans et al. | | |

**DOCKET ENTRY TEXT**

Before the Court is Defendants' motion to dismiss [24]. For the reasons stated below, the Court grants in part and denies in part the motion without prejudice. If Plaintiff believes that he can amend his complaint consistently with Federal Rule of Civil Procedure 11, he may do so within 21 days.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

### I. Background

Plaintiff Richard Gorgoni has filed a three-count complaint against Coldwell Banker Home Loans, PHH Mortgage Corporation, and Mortgage Electronic Registration Systems, Inc. (collectively "Defendants"). In the complaint, which primarily concerns a piece of property located in Elmwood Park, Illinois, and the mortgage thereon, Plaintiff alleges that he "is an individual who owns the Subject Property and holds title to the Subject Property in fee simple." [1] ¶ 5. He further alleges that "owns and possesses the Subject Property," *id.* ¶ 9, and that "no other party is in possession." *Id.* ¶ 5. Plaintiff attached to the complaint a "Title Abstract" showing that the most recent transaction involving the property was a conveyance of a quit claim deed from "Gorgoni Richard" as grantor to "Gorgoni Zaida Trust." [1-3].

In Count I, Plaintiff asserts a state law quiet title claim and seeks a declaration that none of the Defendants has an interest in his home, his mortgage, or the note guaranteed by the mortgage, and that non-party Federal National Mortgage Association is the holder of the note and owner of the mortgage. In Count II, Plaintiff alleges that Defendant Coldwell Banker Home Loans "knowingly and maliciously sent wrongful bills to [him] with regard to the Subject Property since September 1, 2008, which bills [he] has paid to Coldwell Banker," "accepted and retained the mortgage payments without applying them to the balance [Plaintiff] owed to the true mortgagee," and was thereby unjustly enriched. Plaintiff seeks restitution of $100,000, an injunction, and fees and costs in connection with Count II. In Count III, Plaintiff alleges that Defendant Coldwell Banker Home Loans "knowingly and intentionally communicated, and continues to communicate, deceptive, false, fraudulent and misleading representations to Mr. Gorgoni representing or implying that Coldwell Banker is the true servicer of the Note and Mortgage." Plaintiff further alleges that Coldwell Banker "falsely represented that the mortgage debt payments were owed to Defendant Coldwell Banker" and contends that the alleged conduct violates the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. He seeks actual damages in the amount of $1,000, as well as statutory, treble, and punitive damages and attorneys' fees.

| STATEMENT |
|---|

Defendants did not respond to Plaintiff's complaint until the Court granted Plaintiff's motion for default judgment. See [17] & [18]. After the Court entered default judgment, Defendants appeared, [19], [20], and moved to vacate the entry of judgment against them [21]. The Court granted Defendants' motion to vacate. [23]. Defendants then moved to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). [24]. In their motion to dismiss, Defendants contend that Plaintiff's allegations that he "is an individual who owns the Subject Property and holds title to the Subject Property in fee simple," and "possesses the Subject Property and no other party is in possession," [1] ¶¶ 5 & 9, are false. They contend that the true owner of the property at issue is the Zaida Gorgoni Revocable Trust Dated November 21, 2008. See [24]. Defendants argue that because Plaintiff is not the owner of the property, he "has no standing to bring the Complaint and seek the relief therein as he does not possess any interest in the Subject Property." *Id.* at 2. Their position is that "there is no way that Plaintiff could have a stake in any controversy involving Defendants and the Subject Property, nor could Plaintiff have suffered any threatened or actual injury by the actions of Defendants." *Id.* at 3. Plaintiff does not actively dispute Defendants' contentions that he does not hold title to the property. In his brief opposing the motion to dismiss, he states that he is proceeding "individually and in his capacity as the Trustee of the 'Zaida Gorgoni Revocable Trust Dated November 21, 2008,'" [29] at 1, and argues that he, "as Trustee of the 'Zaida Gorgoni Revocable Land Trust Dated November 21, 2008,' Has Standing to Bring this Complaint." *Id.* at 3.

## II.   Discussion

Plaintiff's allegations as they currently stand are not so infirm, whether for jurisdictional or substantial reasons, as to prevent Counts II and III of his complaint from moving forward. (Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) but their sole argument is more characteristic of a Rule 12(b)(1) motion.) Defendants assert that Plaintiff lacks standing to bring his complaint. This is effectively a challenge to the Court's jurisdiction. See, *e.g.*, *Native Am. Arts, Inc. v. Mangalick Enters., Inc.*, 633 F. Supp. 2d 591, 595 (N.D. Ill. 2009). Yet the Court's jurisdiction, at least on the record as it currently exists, appears secure irrespective of whether Plaintiff holds title to the subject property. Plaintiff has asserted a federal claim in Count III, which regardless of its merits gives the Court jurisdiction under 28 U.S.C. § 1331. Indeed, Count III sounds under the Fair Debt Collection Practices Act, which "is blind when it comes to distinguishing between plaintiffs who have suffered actual damages and those who have not." *Keele v. Wexler*, 149 F.3d 589, 593-94 (7th Cir. 1998). Whether Plaintiff is the titleholder of the property at issue in this case therefore has no bearing on his ability to assert this particular claim. Count II, which claims that Defendant Coldwell Banker was unjustly enriched as a result of Plaintiff's response to the allegedly fraudulent notices it sent, is a state law claim that "forms part of the same case or controversy" and is therefore within Court's supplemental jurisdiction. See 28 U.S.C. § 1367(a).  Moreover, in that same count, Plaintiff, an Illinois citizen, alleges that he was damaged to the tune of $100,000 by non-citizen Defendant Coldwell Banker. These allegations, which Defendants have not contested, place his claims within the Court's diversity jurisdiction as well. See 28 U.S.C. § 1332(a).

The Court nonetheless grants in part Defendants' motion to dismiss, with respect to Count I. In that count, Plaintiff seeks to quiet title to the subject property. The attachments to Plaintiff's complaint, however, undermine his ability to seek that relief by demonstrating that he does not hold title to the property in his individual capacity. See *Harris, N.A. v. Sauk Vill. Dev., LLC*, --- N.E.2d ---, 2012 WL 6664493, at *3 (Ill. App. Ct. 1st Dist. Dec. 24, 2012) ("[I]n order to maintain an action to quiet title one must hold title to the property."). A "plaintiff may plead himself out of court by attaching documents to the complaint that indicate that he or she is not entitled to judgment." *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 455 (7th Cir. 1998) (quoting *In re Wade*, 969 F.2d 241, 249 (7th Cir. 1992)). Indeed, "[i]t is a well-

| STATEMENT |
|---|

settled rule that when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations." *Id.* at 454.

It appears that Plaintiff has conceded and attempted to rectify the inconsistency between his complaint and its attachments in his response brief; in that document, he asserts that he filed the complaint "individually and in his capacity as the Trustee of the 'Zaida Gorgoni Revocable Trust Dated November 21, 2008.'" [29] at 1. However, Plaintiff cannot by way of his response brief supplement his complaint with allegations that are inconsistent with those set out in the complaint. See *Help at Home Inc. v. Med. Capital, L.L.C.*, 260 F.3d 748, 752-53 (7th Cir. 2001). Perhaps recognizing this, Plaintiff has requested that he be given leave to amend his complaint should any part of it be dismissed. See [29] at 4. Granting such leave at least once when there is a potentially curable problem with the complaint is the generally accepted practice. See *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010); Fed. R. Civ. P. 15(a)(2). Defendants contend that Plaintiff should not be granted leave to amend his complaint because he has demonstrated both "bad faith" and "futility of amendment." [30] ¶ 7. But Defendants have not provided any legal support for their contention that Plaintiff's complaint was made in bad faith, nor have they persuaded the Court that an amended complaint would be futile. (The Court declines to take judicial notice of the unsupported legal conclusion that "a mortgage servicer obtains rights to service a mortgage pursuant to a contractual relationship between the mortgage servicer and the note holder and, accordingly, any questions regarding whether mortgage payments were paid to the appropriate party would be a contractual issue between the mortgage servicer and the note holder."). Plaintiff may file an amended complaint within 21 days of this order if he believes that he can, consistently with Federal Rule of Civil Procedure 11, cure any pleading deficiencies. See, *e.g.*, *Smith v. Union Pac. R.R. Co.*, 474 F. App'x 478, 481 (7th Cir. Apr. 5, 2012). It is up to Plaintiff and his counsel to determine – and make clear – the capacity in which Plaintiff will proceed should he choose to amend his complaint.